PARTINGTON *v.* PARTINGTON.

*Divorce—Support of child—Jurisdiction of common pleas court —Custody and support previously determined by juvenile court.*

Where there is no change made by the court in the relations of the parties in a divorce and alimony proceeding, a prior decree of the juvenile court, awarding the custody of a minor child to one of the parents and charging the other parent with a specific amount for the support of the minor child of such parties, is conclusive.

(Decided December 26, 1923.)

ERROR: Court of Appeals for Clark county.

*Messrs. Stafford & Arthur,* for plaintiff in error. *Mr. Clem V. Collins,* for defendant in error.

KUNKLE, J. Defendant in error, Edwin C. Partington, brought suit in the Common Pleas Court for a divorce from plaintiff in error, Grace Partington, upon the grounds of cruelty and gross neglect of duty, and also sought the custody of the minor child of the parties. This child was about two years of age when the case was heard. Plaint-

iff in error contested the suit for divorce and she also asked for the custody of the child.

The trial court found that defendant in error was not entitled to a divorce, or to the custody of the minor child. The court further found that plaintiff in error was a proper person to have the custody of the child, and gave the child to plaintiff in error, and charged her with its care, custody and maintenance. The child was in her custody when the suit for divorce was filed, and also when the case was heard.

The order of the Common Pleas Court has the effect of releasing defendant in error from the maintenance of his child and of imposing the duty of maintaining such child upon the mother. She is not complaining of the refusal of the court to grant defendant in error a divorce, nor of the order of the court which gave to her the custody of the child, but is complaining of that portion of the order of the court which, in effect, releases the defendant in error from supporting or assisting in the support of said child. To maintain this contention she filed in the court below the following motion:

"Defendant [being plaintiff in error herein] moves the court to set aside that part of its finding in the above entitled case, and grant her a new trial and hearing, as to that part of its finding, to-wit: 'that said defendant [plaintiff in error herein] should be charged with the maintenance and support of said minor child until the further order of the court,' for the following reasons:

"(1) The court was without jurisdiction to make such finding and order.

"(2) Under the pleadings and issues joined such finding and order was unauthorized.

"(3) Such finding or order is contrary to law and manifestly against the weight of the evidence.

"(4) The court erred, that defendant should support and maintain said minor child in making such finding.

"(5) Any order in the above entitled case that defendant should have the care, custody and support and maintain such child is and will be contrary to law."

This case must be determined, in the absence of a bill of exceptions, upon the finding of facts made by the trial court. Among other things, such finding of facts (page 3 thereof) contains the following statement:

"Counsel for defendant made an unsuccessful effort to reconcile the parties, and thereafter a proceeding was had in juvenile court, under which by agreement, the juvenile court made an order requiring plaintiff to pay seven dollars a week for the support of the child."

In the case at bar no divorce was granted and no change was made in the status of the parties or in the custody of the child. This case therefore involves the right of the Common Pleas Court in a divorce suit, where no relief is granted either party, to ignore the award made by the Juvenile Court (by agreement of the parties) against the father for the support of his child, where such child had become a ward of the Juvenile Court prior to the filing of the petition for divorce.

As above stated, it appears from the finding of facts in the Common Pleas Court that the amount of seven dollars per week for the support of the

child was fixed by the Juvenile Court by agreement of the parties. The amount so agreed upon by the parties, and fixed by the Juvenile Court, in our opinion would remain in force until some change in the situation of the parties warranted a modification thereof.

No such change is shown by the record, as the parties were not living together and the plaintiff in error had possession of the child at the home of her parents when such order was made by the Juvenile Court by agreement of the parties.

We are of opinion that this case might properly be disposed of upon the ground that the parties had agreed to the finding of the Juvenile Court, and that no change in the situation of the parties has been shown which would warrant the Common Pleas Court in nullifying the order of the Juvenile Court made by agreement of the parties; but, at the request of counsel, we are expressing our views to some extent upon the jurisdictional question which has been presented.

Counsel for plaintiff in error, in substance, claim that the judgment of the Juvenile Court fixing the compensation to be paid by the father for the support of the child is conclusive, and that the Court of Common Pleas had no jurisdiction to change the order of the Juvenile Court in respect to the amount which the father should contribute to the support of such child.

The record in this case does not present the question as to what the ruling should be in a case where a court grants a divorce, and makes an order for the custody of the minor child as an incident to such divorce, or makes an allowance for alimony or a division of the property, and we ex-

press no opinion as to a case where the record discloses such a state of facts.

The record shows that no divorce was granted and no change made in the status of the parties, or in the custody of the child, and therefore the case involves merely the right of the Common Pleas Court in a divorce suit, where no relief is granted either party, to ignore the award made by the Juvenile Court against the father for the support of his child, which child became a ward of such Juvenile Court prior to the filing of the petition for a divorce.

Section 1643, General Code, provides:

"When a child under the age of eighteen years comes into the custody of the court under the provisions of this chapter, such child shall continue for all necessary purposes of discipline and protection, a ward of the court, until he or she attains the age of twenty-one years. The power of the court over such child shall continue until the child attains such age."

The Supreme Court, in the case of *Children's Home of Marion County* v. *Fetter*, 90 Ohio St., 110, in the second paragraph of the syllabus, holds:

"The probate courts of this state acting as juvenile courts under the provisions of Section 1639 *et seq.*, General Code, are courts of record and their judgments, where jurisdiction of the person and subject-matter has been acquired and no fraud has intervened, are conclusive and can be assailed in no other court in an independent proceeding."

On page 123 of this decision, Judge Newman, speaking for the court, says:

"The proceeding in Erie county was one in di-

vorce, and the only parties there were Minnie Fetter and W. P. Fetter. As between them the common pleas court may have had the authority to determine which of the two was entitled to the custody of the child, but its order in no way could affect the order of the juvenile court under which, on March 13, 1912, the child became a ward of the juvenile court to continue as such until the age of twenty-one. Exclusive jurisdiction of the child and of the subject-matter was acquired by the juvenile court several months prior to the proceedings in divorce and was a continuing jurisdiction, and that the order of commitment to the Children's Home was made subsequently to the decree in divorce in Erie county is wholly immaterial."

The statute above referred to does not in express terms confer upon the Juvenile Court exclusive jurisdiction to fix the amount to be contributed for the support of the child, but we think the right and authority of the Juvenile Court to do so are necessarily implied. The purpose of the act would be defeated if no such power existed.

We are therefore of opinion that in a case where a divorce is denied, and no provision for alimony or division of the property of the parties is made, the Common Pleas Court has no jurisdiction in a divorce proceeding to annul an order of the Juvenile Court previously made in reference to the support of a minor child of the parties to the divorce proceeding, where the juvenile court had jurisdiction over the minor child and made an order for its support prior to the commencement of the divorce case.

So much of the judgment of the Court of Common Pleas as releases the defendant in error from the payment of seven dollars a week for the support of his child, and imposes upon plaintiff in error the duty of maintaining such child, should be vacated.

The court coming now to render the judgment which the lower court should have rendered orders that defendant in error, until the further order of the court, pay to plaintiff in error seven dollars a week for the support of the child, as agreed upon by the parties and fixed by the Juvenile Court.

*Judgment for plaintiff in error.*

ALLREAD and FERNEDING, JJ., concur.